IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAMES CHARLES SMITH, | § | |
| TDCJ-CID NO.881812, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-06-512 |
| | § | |
| DOUG DRETKE, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| Respondent. | § | |

## OPINION ON DISMISSAL

Petitioner James Charles Smith, an inmate incarcerated in the Texas Department of Criminal

Justice – Correctional Institutions Division ("TDCJ-CID"), has filed a petition for a writ of habeas

corpus under 28 U.S.C. § 2254 challenging his 1999 state court felony conviction for aggravated

assault. For the reasons that follow, the Court will dismiss the petition pursuant to 28 U.S.C. §

2244(d) because it is barred by the governing statute of limitations.

## I.   PROCEDURAL HISTORY

Petitioner pled guilty, pursuant to a plea recommendation, to the offense of aggravated assault

in cause number 7791172 and was placed on five years deferred adjudication. *Smith v. State*, No.14-

99-00958 (Tex. App.–Houston [14th Dist.] 2001, no pet.) (not designated for publication). On July

2, 1999, the 177th Criminal District Court of Harris County, Texas revoked his deferred adjudication

probation, found him guilty of aggravated assault, and assessed punishment at sixteen years

confinement in TDCJ-CID. *Id.*

Petitioner's counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967). *Id.*

Petitioner filed a *pro se* response to the *Anders* brief, raising sixteen points of error. The intermediate

appellate court affirmed the judgment of the state district court. *Id.* Petitioner did not file a petition

for discretionary review.  Therefore, his time to do so expired thirty days after the appellate court's

judgment was entered, on or about February 4, 2001.  28 U.S.C. § 2244(d)(1)(A).  Thus, petitioner's

conviction became final for purposes of federal habeas corpus review on or about February 4, 2002.

*See* 28 U.S.C. § 2244(d)(1)(A).

On November 30, 2001, petitioner filed a state application for writ of habeas corpus on

November 30, 2001, which the Texas Court of Criminal Appeals denied on April 24, 2002, without

written order on the findings of the trial court without a hearing.  Petitioner indicates that he filed a

another state habeas application on July 31, 2002, but he has not received a response from the Court

of Criminal Appeals.[1]  (Docket Entry No.1).  Petitioner filed a petition for leave to file writ of

mandamus on August 13, 2003, which the Texas Court of Criminal Appeals denied leave to file

without written order on March 16, 2005.  (*Id.*).

Petitioner filed the pending federal petition for a writ of habeas corpus with this Court on

January 31, 2006.[2]  Therefore, petitioner's petition is subject to the provisions of the Antiterrorism

and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996).

*Lindh v. Murphy*, 521 U.S. 320 (1997).  Petitioner seeks relief on the following grounds:

1.   The evidence was insufficient to support his conviction for failure to appear
     in court on March 25, 1999;

2.   Petitioner's conviction for failure to appear in court was not supported by an
     official indictment;

3.   Petitioner's current sentence is illegal because the State has breached its
     contract;

---

[1]      State court records reflect that an application for writ of habeas corpus was received, but not filed, in the Texas Court of Criminal Appeals on April 30, 2003.  *See* http://www.cca.courts.state.tx.us.

[2]      For statute of limitations purposes, the Court treats the date a *pro se* prisoner deposits a federal petition in the mail as the filing date.  *Fisher v. Johnson*, 174 F.3d 710, 712 n.8 (5th Cir. 1999) (citing *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (per curiam)).  Petitioner dated the petition on January 31, 2006.  Therefore, the Court will treat the date the petition was signed as the filing date in this case.

4.      Petitioner's community supervision was improperly revoked;

5.      Petitioner was denied the effective assistance of counsel at trial and on appeal;

6.      The State illegally withheld exculpatory evidence in violation of *Brady v. Maryland*;

7.      Petitioner's trial counsel testified against him at the probation revocation hearing thus breaching the attorney-client privilege;

8.      The state district court erred by breaching the community supervision agreement governing petitioner's conditions of probation;

9.      Petitioner's plea was not knowing and involuntary;

10.     The State's amendment of its motion to adjudicate guilt constituted a change to a material element of petitioner's community supervision agreement;

11.     The evidence used against petitioner at the hearing on the motion to adjudicate guilt was obtained illegally; and,

12.     Petitioner did not violate any condition of his community supervision.

(Docket Entry No.1).

II.     <u>ONE-YEAR STATUTE OF LIMITATIONS</u>

Under AEDPA, habeas corpus petitions are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

(d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of --

(A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

  (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

  (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

 (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)–(2).  The one-year limitations period became effective on April 24, 1996, and applies to all federal habeas corpus petitions filed on or after that date.  *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh*, 521 U.S. 320).  Because petitioner's federal petition was filed well after that date, the one-year limitations period applies to his claims.  *Flanagan*, 154 F.3d at 198.

  Although the statute of limitations is an affirmative defense, the courts are authorized to raise such defenses *sua sponte* in habeas actions.  *Kiser v. Johnson*, 163 F.3d 326, 329 (5th Cir. 1999).  Under the provisions of the AEDPA, petitioner's one-year limitation period began on February 4, 2001, the last day petitioner could have filed a petition for discretionary review with the Texas Court of Criminal Appeals.  That date triggered the one-year limitations period which expired on February 2, 2002.  Petitioner's state habeas application was pending before the Texas Court of Criminal Appeals for 145 days, from November 30, 2001, until April 24, 2002.  A properly filed state writ application tolls the limitations period while the claim or judgment is pending in state court.  28 U.S.C. § 2244(d)(2); *Villegas v. Johnson*, 184 F.3d 467, 473 (5th Cir. 1999) (concluding petition filed in accordance with state's procedural filing requirements tolls one-year limitations period during pendency of petition).  The pendency of this application tolled the limitations period for filing

the federal application until late June, 2002.  Petitioner's next state habeas application was filed on July 31, 2002, after limitations expired.  Therefore, the tolling provisions found in § 2244(d)(2) do not apply to this application.  *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (noting that the statute of limitations is not tolled by a state habeas corpus application filed after the expiration of the limitations period).

Petitioner filed the pending federal habeas action on January 31, 2006, well after the expiration of the limitations period.  Therefore, his federal habeas petition is untimely and subject to dismissal.

Petitioner submitted a written statement with respect to limitations and equitable tolling issues (Docket Entry No.13) in response to the Court' order of March 2, 2006.  (Docket Entry No.8). Petitioner alleges that the state district judge engaged in a conspiracy to commit fraud against him at trial and delayed review of his state habeas claims by withholding court records from the Texas Court of Criminal Appeals.  (Docket Entry No.13).  Consequently, petitioner claims, he had to file a second state habeas application.  (*Id.*).  Petitioner claims the state district judge failed to issue findings of fact and conclusions of law on his second state habeas application and he sought relief by filing a petition for leave to file a petition for writ of mandamus in the Texas Court of Criminal Appeals.  (*Id.*).  None of these allegations, however, reflect that petitioner was subject to state action that impeded him from filing his state habeas applications or his federal petition in a timely manner. 28 U.S.C. § 2244(d)(1)(B).  Further, he makes no showing of a newly recognized constitutional right upon which the petition is based; nor does he lay a factual predicate for the claims that could not have been discovered previously.  28 U.S.C. § 2244(d)(1)(C), (D).  Although petitioner is incarcerated and is proceeding without counsel, his ignorance of the law does not excuse his failure to timely file his petition.  *Fisher v. Johnson,* 174 F.3d 710, 714  (5th Cir. 1999).

Accordingly, the Court finds that petitioner's federal petition is barred by the AEDPA's one-year limitation period and, therefore, subject to dismissal.

## III. CERTIFICATE OF APPEALABILITY

A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted). Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001). On the other hand, when denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Beazley*, 242 F.3d at 263 (quoting *Slack*, 529 U.S. at 484); *see also Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000). A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). The Court has determined that petitioner has not made a substantial showing that reasonable jurists would find the Court's procedural ruling debatable; therefore, a certificate of appealability from this decision will not issue.

## IV. CONCLUSION

Accordingly, the Court ORDERS the following:

1.    Petitioner's applications to proceed *in forma pauperis* (Docket Entries No.2, No.12) are GRANTED.

2.    Petitioner's petition for a writ of habeas corpus under 28 U.S.C. § 2254 is DENIED. His request for the issuance of subpoenas (Docket Entry No.1) is also DENIED.

3.    This cause of action is DISMISSED with prejudice.

4.    A certificate of appealability is DENIED.

5.    All pending motions (Docket Entries No.3, No.5, No.6, No.9, No.11, No.15) are

      DENIED.

Signed at Houston, Texas, on June 6, 2006.


                                        MELINDA HARMON
                                        UNITED STATES DISTRICT JUDGE